In the matter of the estate of Charles H. Bennett. Mary F. Smith's Appeal.

*Evidence of facts known equally to deceased opponent—Presumption of payment.*

1. The rule forbidding the survivor of two persons adversely interested to testify to facts known equally to both does not apply where the opposing party has introduced, as admissions, the statements drawn from the survivor in a preliminary proceeding in which he did not have the aid of counsel. In such a case the survivor is entitled to testify fully as to the subject matter of such admissions, and his opponent must be presumed to have waived the benefit of the statutory rule.

2. The error of excluding competent testimony may sometimes be cured by treating it as if it were in evidence.

3. A request to charge must be founded upon testimony in the case, or it is not error to refuse it.

4. Payment of a demand note is not presumed from the neglect to present it, until time enough has passed to outlaw it.

5. In a proceeding against an estate to recover the amount of a note given by the decedent, the fact that since the date of the note the payee has received from decedent cheques enough to pay it, does not of itself establish the payment of this particular note nor does it even place upon the claimant the burden of showing that it was not paid.

6. The burden of proving payment of a debt is upon the debtor when in an action to recover upon it the debt has been established by competent evidence.

7. In a proceeding against an estate to recover the face of a note given by decedent it was shown that the maker had directed the cashier of a bank to pay the claimant a certain sum, and had himself given the cashier a cheque to serve as a voucher. *Held*, that after the payment of the amount had been shown the cheque was properly excluded as evidence, at least as against the claimant.

8. The payee in a cheque is not to be assumed to have received payment thereon if it is not shown to be indorsed; the fact of payment is for a jury.

Error to Wayne.   (Jennison, J.)   Jan. 9.—Jan. 22.

Appeal from probate order allowing a claim against the estate.   The estate brings error.   Affirmed.

*Moore & Moore* for appellant.

*Fraser & Gates* for claimant appellee, as to claimant's right to testify in respect to transactions with decedent, cited *Webster v. Lee* 5 Mass. 334; *Jackson v. Varick* 7 Cow. 238; *Den v. Downam* 13 N. J. L. 135.

CHAMPLIN, J.   Bennett died April 3, 1881, and his estate was being administered in the probate court of Wayne county.   Commissioners were appointed to hear and allow claims against the estate.   Mary F. Smith presented to the commissioners for allowance a promissory note made by the decedent, a copy of which is as follows:

" $366.53.                    PLYMOUTH, April 30, 1877.
" On demand after date, for value received, I promise to pay Mrs. F. Smith or bearer, three hundred and sixty-six 53-100 dollars.

This note was signed by Mr. Bennett. On presenting the note to the commissioners, Mrs. Smith was sworn by them and examined respecting matters concerning the note which, if true, must have been equally within the knowledge of the deceased. She was not represented by attorney. She was interrogated by one of the commissioners, and her statement was taken down by a stenographer brought there by the commissioner for that purpose. The commissioners disallowed the claim, and she appealed to the circuit court,

and on the trial in that court the claimant introduced the note in evidence and rested her case.

The defendant then produced T. C. Sherwood as a witness, to whom were exhibited ten checks, and he testified that the signature thereto was the genuine signature of C. H. Bennett. They were all payable to bearer, except one dated February 26, 1878, which was payable to Mary F. Smith or order, for $90.58. This check was endorsed with the name of Mary F. Smith, respecting which signature the witness testified that he was familiar with the signature of plaintiff, and that in his opinion the signature of Mary F. Smith to this check was genuine; that he would not swear that it is hers; that the checks were all paid at the First National Bank at Plymouth, because they bore the cancellation mark of that bank. The witness further testified that on or about September 29, 1877, he met deceased and plaintiff in Plymouth, and deceased told him, in the presence of plaintiff, to pay her one hundred dollars and endorse it on the note; that Mrs. Smith said that she had not the note with her; that Bennett directed him to pay her the money, and he would give him a check for it; that he paid her the money and made out a check, and deceased signed it a day or two afterwards, and that check was given to the bank as a voucher for the money he paid to plaintiff. It also appeared from the testimony of this witness, who was the cashier of the bank, that Bennett was in the habit of drawing checks payable to persons in his employment, or bearer, and presenting them himself at the bank, and drawing the money to pay his men. The checks produced were selected from a large number of similar ones, and from these five are selected by defendant's attorney, which aggregate the sum of $367.11, being fifty-eight cents more than the amount of the note. Two of these checks were those above-mentioned, dated September 29, 1877, and February 26, 1878. The others bore date, and were payable as follows: April 30, 1877, to Mrs. F. Smith or bearer, $59.58; July 21, 1877, to Mary Smith or bearer, $100; January 11, 1878, to Mrs. M. F. Smith or bearer, $20.

On the examination before the commissioners she was questioned respecting these checks, and on the trial in the circuit the commissioners were sworn for the estate and were permitted to testify to what the plaintiffs swore to before the commissioners in response to questions put to her by them. These were offered and admitted on the ground that they were admissions of claimant, the tendency of which admissions went to show that she had received the checks from Bennett to apply as payment upon the note. After reading the checks in evidence, the defense rested. The claimant was then called in her own behalf, and gave testimony explanatory of her delay in not collecting the note during the life-time of Mr. Bennett, and also contradictory of the testimony relative to her admissions, given by witnesses for the defense. She was asked : "Did you state before the commissioners that this note was given for a balance due?" To which she replied : "I don't think I did; it certainly has not been paid." Although no objection was made to this reply the court directed the last part of the answer to be stricken out. Counsel then called her attention to the testimony of the witness Sherwood relative to the payment to her of the $100, and then put to her the following question : "You may state as to your recollection of any such transaction as that". This question was objected to on the ground that it was matter equally within the knowledge of Mr. Bennett and the witness, and the testimony was excluded. On the cross-examination she was examined at length as to the testimony given by her before the commissioners, and also in regard to matters which were generally within the knowledge of the deceased; after which the plaintiff rested her case. Whereupon the defendant's counsel then read in evidence Mrs. Smith's testimony before the commissioners, taken by his clerk, a stenographer. This testimony, as before stated, related almost exclusively to matters equally within the knowledge of Mr. Bennett and the claimant.

We think the method of proceeding adopted by the defense in this case, in introducing the commissioners to prove the ad-

missions made by the claimant before them on the hearing of her claim called out by them on their examination of Mrs. Smith made it competent for her to testify fully upon the subject-matter of such admissions. Where a party whose testimony, if objected to, would be excluded under the provisions of the statute (2 How. St. § 7545) is giving testimony in a cause, and the opposite party calls out facts equally within the knowledge of the deceased, and afterwards seeks to prove the statements so made under oath in a controversy between the same parties, as admissions, he must be held to have waived the inhibition of the statute, and the witness may testify fully in respect to the subject-matter of the admission, although it be equally within the knowledge of the deceased. When, therefore, in this case the defendant had placed the commissioners on the witness stand and proved the admissions made by Mrs. Smith in her testimony given before them relative to the payment of the note and the checks, it was competent for Mrs. Smith to testify relative to the same subject-matter that the note had not been paid, and it was error for the court to strike out such testimony, or exclude her evidence upon the points covered by such admissions, and if the court afterwards treated the testimony thus erroneously stricken out as being in evidence, it was not error.

The defense requested the court to charge the jury as follows: "1. If the note in suit was paid by Mr. Bennett in his life-time to Mrs. Smith she cannot recover. 2. If Mrs. Smith received the money on the checks offered in evidence, and the $100 which Mr. Sherwood swears he paid her, she cannot recover. 3. If Mrs. Smith received the money on the checks offered in evidence, and the $100 which Mr. Sherwood swears he paid her, the burden of proof is upon her to show that the money was not paid to be applied on this note. 4. If Mrs. Smith was paid any money by Mr. Bennett or his agents, after the date of the note in question, the amount or amounts so paid must, under the testimony in this case, be deducted from the amount of the note. 5. The checks of Mrs. Smith show that she received the amount of money mentioned in the checks."

The court refused to charge each of these requests, and defendant excepted thereto. A request to charge must be founded upon some testimony in the cause in order to constitute error in case of refusal, and we find no testimony returned in this record to base the first request to charge upon.

A showing that the note was payable on demand and was not presented for payment for four years, did not raise a presumption that the note was paid in the life time of the maker. No period short of that prescribed by the Statute of Limitations is sufficient to raise a presumption of payment.

The second request was properly refused. As the case was left at the close of the testimony, it was not an admitted fact that if she had received the checks and the money paid her by Mr. Sherwood, such checks were given toward the payment of the note. It was a question for the jury to determine, and it was an element in the controversy which the request ignored.

The third request, relating to the burden of proof, was rightly refused. The debt was established by competent evidence, and the burden of proof was upon the debtor to show payment of the debt. *Adams v. Field* 25 Mich. 16; *Wakeman v. Akey* 29 Mich. 308. Merely showing that Mrs. Smith received the money on the checks offered in evidence, and the $100 which Sherwood says he paid her, would not show payment of the debt. The checks may have been given for the purchase price of goods or for money advanced for some particular object other than the payment of the note, and hence the burden of proving payment by the debtor was not discharged until he had shown that the checks were received as payment. The judge charged the jury substantially that if Mrs. Smith received the checks or the money on them in payment of the note, she could not recover. This issue as to whether the plaintiff received the money on the checks produced in evidence as payment of the note in question was submitted by the court to the jury, and they found against the defendant.

The subject-matter of the fourth request was given to the jury with proper instructions. The court stated to the jury the substance of the testimony of Mr. Sherwood respecting the payment to her of one hundred dollars at the request of Mr. Bennett. He also commented upon the testimony of Mrs. Smith, wherein she states that she had no recollection of receiving the $100; and then the court used this language:

" The general rule of law is that where the testimony is positive of a witness, a fair, candid person, and the cashier seems to be so—the rule is that unless that testimony is denied by some preponderance of proof, why, unless you have some reason to believe the other witness, you would be entitled to receive that as true, viz.: that there was $100 paid to Mrs. Smith. He states further that he drew a check—at least filled up a check—at the request of Mr. Bennett, simply as a voucher for this $100 which was given to Mrs. Smith, so as to keep his cash account straight at the bank."

*Mr. Frazer.* " I will ask your honor to state that it was simply a note that was paid."

*Court.* " That is what I said; there was no special note described; she may have had half a dozen notes."

To this last remark of the court the defendant excepted; and if it appeared that the defendant was prejudiced by the remark, it would be ground for reversal. It is evident, however, that the jury did allow and deduct from the amount of the note the $100 referred to; consequently the error does not prejudice the defendant.

The fifth request to charge is clearly erroneous. It assumes that Mrs. Smith indorsed the check. This was a fact for the jury to determine, and the request was therefore properly refused. Exhibit A is the check referred to by the witness Sherwood as having been drawn by him and signed by Bennett, as a voucher between him and the bank. The record does not state the objection made to its admission. The fact of payment had been proved prior to the making of the check, and the plaintiff was not shown to have had any connection therewith. Its only purpose was that of a voucher between Bennett and the bank, and it was properly excluded as evidence against the plaintiff.

Complaint is made of the language of the court in charging the jury wherein he says : " He (referring to Mr. Voorhees) says that these checks were produced, and he says that she says that she didn't remember anything about it; and then again supposed that they were right &c. But she comes upon the stand and denies that flatly. She says that that note was not paid, and that the checks did not pay it;" and defendant claims that there was no testimony to justify it. The record discloses the fact that there was a direct conflict between the testimony of Mr. Voorhees and the plaintiff, relative to what occurred at the interview she had with him concerning the checks and note; and on page eleven of the printed record she says : " I said, I don't recollect anything about these checks, Mr. Voorhees ; this I do know, I have never had my pay upon that note, and I propose to do something about it." And again, " That she didn't acknowledge to Voorhees the payment of the checks, but told him she did not remember anything about the checks." Moreover we think the trial judge fairly submitted the testimony given by these two witnesses to the jury in his charge from which we quote as follows :

" Now, gentlemen, in conclusion, if you believe that Mrs. Smith admitted to Mr. Voorhees, or before the commissioners when she was sworn—if you believe that she admitted to them that these checks were not only paid to her, but that they were paid to take up this note, why of course, that would be the end of the case ; it would show the note was paid. But if you do not believe these checks were delivered to her for the purpose of payment upon this note, or if you do not believe that they were delivered to her at all (as I said before, it does not follow that they were delivered to her,—on their face it merely gives her name) and if you do not believe that these checks were delivered to her, of course the defendant does not make out his case, because the defendant must satisfy you by what is called preponderance of proof that this note is paid. It is matter entirely for you, gentlemen, to determine what weight you will give this testimony. If you believe Mrs. Smith, this note is not paid; but if you believe the testimony on the part of the defendant that these checks were intended to apply, and did apply and did constitute payments, why they

would pay this note except some eighty-five cents, with regard to which a mistake is claimed."

Nothing further need be said. We find no errors that justify a reversal of the judgment. It must be certified to the circuit court for the county of Wayne that no error appears in the proceedings before it, the claimant to recover costs of this Court.

The other Justices concurred.