FRANCIS LILLEY, ADMINISTRATOR, ETC., v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEWARK, NEW JERSEY, AND WALTER H. McBRIEN.

*Insurance companies—Payment into court—Evidence—Testimony illegally taken in prior proceedings—Matters within knowledge of decedent—Waiver.*

1. Where a life insurance company is joined as a defendant in a suit beteen adverse claimants of the insurance money, which it is willing to pay to the proper person when designated by

the court, the company should be permitted to pay the money into court in discharge of its liability on the policy.

2. The testimony of the assignee of a life insurance policy was taken *orally* in probate court, under How. Stat. §§ 5876, 5877, regarding his possession and the assignment of the policy, and the transactions between the assignee and the policy-holder leading up to the assignment, on the application of the administrator of the estate of the policy-holder, who claimed that the assignment, while absolute on its face, was really given as security. The administrator filed a bill against the assignee to secure a reassignment of the policy on payment of the amount due the assignee, and was permitted to introduce the testimony of the assignee, taken as aforesaid, on the hearing. And it is held that, while the testimony was illegally taken, the statute requiring that it be taken on written interrogatories (*Palmer v. Circuit Judge*, 90 Mich. 1), it does not necessarily follow that it was inadmissible in evidence for the purpose of showing the declarations of the assignee as to the subject-matter of the suit; and, it not appearing that the assignee was misled to his detriment in giving the testimony, or that it was any different than it would have been had he testified in the manner provided by the statute, the testimony will not be stricken from the case.

3. By introducing such testimony the administrator waived the provision of the statute prohibiting the assignee from testifying to matters equally within the knowledge of the policy-holder, at least as to the transactions inquired of in the probate court, and introduced as the declarations of the assignee; citing *Smith's Appeal*, 52 Mich. 415.

Appeal from Kent. (Grove, J.) Argued April 22, 1892. Decided June 10, 1892.

Bill to obtain a reassignment of a life insurance policy on payment of the amount due the assignee and secured by the assignment. Defendant McBrien appeals. Decree affirmed. The facts are stated in the opinion.

*William Aldrich Tateum (M. J. Smiley,* of counsel), for complainant, contended:

1. How. Stat. § 5876, is broad enough to warrant the examination had of the assignee; citing *Perrin v. Circuit Judge*, 49 Mich. 342; *Perrin v. Lepper*, Id. 347.

2. The assignment is distinct from the policy, was made in Michigan by residents of Michigan, and its validity and construction are to be determined by the law of Michigan; citing *Insurance Co. v. Bank*, 68 Mich. 116.

3. Whether a contract by which a creditor for a small amount, like $1,000, takes an assignment of a life policy for a large amount, like $10,000, and holds it absolutely, is valid, and whether the creditor may hold it for more than his debt and interest, is an open question in this Court, there being decisions of other courts both ways; citing *Insurance Co. v. Sturges*, 18 Kan. 93; *Basye v. Adams*, 81 Ky. 368: *Insurance Co. v. McCrum*, 36 Kan. 146; *Price v. Knights of Honor*, 68 Tex. 361; *Cawthon v. Perry*, 76 Id. 383; *Lewy v. Gilliard*, Id. 400; *Roller v. Moore*, 86 Va. 512; *Warnock v Davis*, 104 U. S. 775.

4. Had the money actually been paid over to McBrien, he might have been compelled, after having repaid himself for his advances, to account for and pay over the balance to the administrator; citing *Page v. Burnstine*, 102 U. S. 664; *Warnock v. Davis*, 104 Id. 775; *Stambaugh v. Blake* (Penn.), 15 Atl. Rep. 705; *Insurance Co. v. Hazlewood*, 75 Tex. 338; *Tateum v. Ross*, 150 Mass. 440.  •

*Uhl & Crane,* for appellant, contended:

1. The complainant's proofs of the declarations of the deceased in his own favor were incompetent; citing *Wilson v. Wilson*, 6 Mich. 9; *Ward v. Ward*, 37 Id. 253; *Van Fleet v. Van Fleet*, 50 Id. 1.

2. The complainant, by procuring the examination of the appellant in the probate court, and then producing proof of certain answers made by him on such examination as admissions, waived the provisions of the statute in relation to the testimony of the opposite party when a suit is prosecuted by the personal representative of a deceased person; citing *Smith's Appeal*, 52 Mich. 415.

3. The contract between the appellant and the deceased, that the former should have an interest in the inventions of the latter before letters patent were obtained, was not within the statute of frauds; citing *Somerby v. Buntin*, 118 Mass. 279.

4. The rights of the parties are to be determined by the law of the state of New Jersey; citing *Bank v. Hume*, 128 U. S. 195, 207.

5. The burden of proving that the appellant did not have an insurable interest in the life of the insured was upon the complainant; citing *Campbell v. Insurance Co.*, 98 Mass. 381, 390;

*Lenig v. Eisenhart,* 127 Penn. St. 59; *Life Ass'n v. Seager,* 128 Id. 533.

6. The appellant had an insurable interest in the life of the insured when the policy was taken out, and when it was assigned to him, by virtue of the partnership relations which existed between them; citing *Morrell v. Insurance Co.,* 10 Cush. 282; *Insurance Co. v. Johnson,* 24 N. J. Law, 576; *Bevin v. Insurance Co.,* 23 Conn. 244; *Insurance Co. v. Luchs,* 108 U. S. 498; and also by virtue of the relation of debtor and creditor, which existed between them; citing *Dalby v. Assurance Co.,* 15 C. B. 365; *Grant v. Kline,* 115 Penn. St. 618; *Rittler v. Smith,* 70 Md. 261; *Ulrich v. Reinoehl,* 143 Penn. St. 238.

7. The deceased obtained a valid insurance upon his own life for his own benefit, and it is immaterial whether the defendant, as assignee, had an insurable interest in the life of the deceased or not; citing *Ashley v. Ashley,* 3 Sim. 149; *St. John v. Insurance Co.,* 13 N. Y. 31; *Lemon v. Insurance Co.,* 38 Conn. 294; *Cunningham v. Smith,* 70 Penn. St. 450; *DeRonge v. Elliott,* 23 N. J. Eq. 487; *Clark v. Allen,* 11 R. I. 439; *Fairchild v. Life Ass'n,* 51 Vt. 613; *Olmsted v. Keyes,* 85 N. Y. 593; *Eckel v. Renner,* 41 Ohio St. 232; *Insurance Co. v. Allen,* 138 Mass. 24; *Johnson v. Van Epps,* 110 Ill. 551; *Insurance Co. v. Armstrong,* 117 U. S. 591; *Bursinger v. Bank,* 67 Wis. 75; *Murphy v. Red,* 64 Miss. 614; *Rittler v. Smith,* 70 Md. 261; *Vivar v. Knights of Pythias,* 52 N. J. Law, 455.

8. The assignee of a policy which is a wager has no right to retain more of the proceeds of the policy than the debt plus the premiums paid, and interest on the debt and premiums paid; citing *Cammack v. Lewis,* 15 Wall. 643; *Warnock v. Davis,* 104 U. S. 775; *Gilbert v. Moose,* 104 Penn. St. 74; *Downey v. Hoffer,* 110 Id. 109; *Seigrist v. Schmoltz,* 113 Id. 326.

9. The appellant became the assignee of the policy in good faith, and not for the purpose of speculation, and is therefore entitled to its entire proceeds; citing *Freme v. Brade,* 2 DeGex & J. 582; *Brown v. Freeman,* 4 DeGex & S. 444; *Bruce v. Garden,* L. R. 5 Ch. App. 32; *Clark v. Allen,* 11 R. I. 439; *Insurance Co. v. Allen,* 138 Mass. 24; *Grant v. Kline,* 115 Penn. St. 618; *Amick v. Butler,* 111 Ind. 578; *Rittler v. Smith,* 70 Md. 261; *Ulrich v. Reinoehl,* 143 Penn. St. 238.

*Lawrence & Blair,* for defendant Insurance Company.

MORSE, C. J.    At his death Fred A. Holcomb had a life insurance policy in the defendant company for $10,000, which had been assigned to the defendant Walter H. McBrien

absolutely in form.  The administrator of his estate filed the bill of complaint in this case, claiming that this assignment, while absolute in its terms, was really assigned as collateral security for moneys advanced by McBrien to Holcomb, and that the estate of Holcomb was entitled to a reassignment of it, upon payment to McBrien of the amount of his indebtedness.  McBrien filed proofs of death, and claims that he is entitled to the full amount of the policy.  The defendant insurance company, in its answer, expressed its willingness to pay the money to the person shown to be entitled to it; and, upon petition to the court below, was permitted to pay into court the amount due upon the policy, $9,870.32, without interest, and the bill was dismissed, without costs, as against such company.

Before the filing of the bill McBrien was summoned by the administrator into the probate court and examined orally, against the objections of his counsel, as to money and effects in his hands belonging to Fred A. Holcomb, deceased.  At the close of such examination, the administrator tendered McBrien, and on the 1st day of July, 1890, the sum of $1,123.44 as the full amount of his advances, with interest, to Holcomb up to that date, and demanded the delivery and reassignment of the policy of insurance, which McBrien refused to make.

The circuit judge found that the assignment of this policy to McBrien, although absolute in form,—

"Was made by way of mortgage or security only to secure the said McBrien for certain sums of money which the said Walter H. McBrien had theretofore advanced to the said Holcomb, as well as the premium money which the said McBrien should thereafter pay upon the said policy of insurance."

He also found that the amount so advanced, with interest up to July 1, 1890, was $1,123.44, the same sum tendered by the complainant, as administrator, to said

McBrien. It was therefore decreed that complainant pay to said McBrien, out of the moneys deposited in court by the defendant insurance company, the sum of $1,123.44, less the costs of the suit to be taxed, and that thereupon such complainant should be entitled to receive the balance of the money so deposited.

The defendant McBrien appeals to this Court.

It is claimed by the appellant that the court erred in permitting the insurance company to pay the amount of the policy into court, and to discharge such company from any further payment of interest. The court did not err in this respect. The insurance company plainly evidenced, by all its acts before suit, that it was willing to pay the whole sum due upon the policy to the proper person, when such person should be designated and determined by the court. It was proper and lawful to pursue the course here adopted, and to release such company from all further liability on the payment of the money due upon the policy into court. There would have been no equity in continuing this company as a party to a litigation in which it had no personal concern, or to have forced it to pay interest while the administrator and McBrien were fighting to see who should have the fund.

It is further contended that it was incompetent to admit in evidence in this case, as the declarations of McBrien, his testimony taken against his objection in the probate court. It is true that the testimony of McBrien was illegally taken in the probate court. The statute under which it was taken plainly provides that it shall be upon written interrogatories. There is no authority in law, by statute or otherwise, for an examination of McBrien orally in the probate court. *Palmer v. Circuit Judge*, 90 Mich. 1; How. Stat. § 5877. But it does not necessarily follow that the testimony given

before the probate judge cannot be given in evidence for the purpose of showing the declarations of McBrien as to the subject-matter of this suit. Mr. McBrien appeared in the probate court by counsel, and it does not appear that he was taken by surprise or forced to testify to an untruth. He gave his evidence as would any other witness, and does not seem to have been either scared or misled into testifying to anything to his detriment; nor is there any reason to suppose that his evidence so taken was any different than it would have been had he testified at his own free will, and without questioning the authority or jurisdiction of the court to take the same. If we believed that any injustice had been done to Mr. McBrien in the examination before the probate court, or that his testimony had been unduly given a tint or color against his case by the fact that he was sworn against his objection, we should strike the testimony so taken from the case. It is evident to us, however, that there can be no cause for complaint in this respect. By introducing this testimony the complainant waived the provisions of the statute, and McBrien was thereafter a competent witness in his own behalf, touching matters equally within the knowledge of the deceased, at least as to the transactions inquired of in the probate court, and put in this case as declarations of McBrien. *Smith's Appeal*, 52 Mich. 415. Mr. McBrien did so testify, under objection of complainant's counsel, and we have in this case the full benefit of his knowledge and history of the dealings between him and Holcomb, while the mouth of Holcomb is closed by death.

There was error in permitting Mr. Cook and other witnesses to give in evidence the declarations of the deceased in his own favor, but, striking this out of the case, we are satisfied that the assignment, although absolute in form, was not so intended between the

parties; and that the intention and understanding of both was that, when Mr. Holcomb became able to pay and wished to do so, he was to receive a reassignment of this policy, upon paying to McBrien the money owing to him for advances, with interest. This is apparent from McBrien's own testimony, taken as a whole. Some interesting questions of law are ably presented to us by the counsel upon both sides, but in this view of the case they become unimportant.

There is some difficulty in arriving at the sum justly owing by Holcomb, at the time of his death, to McBrien. Mr. McBrien testified, both in the probate court and also in the present suit, that Holcomb was owing him about $6,000. Five thousand dollars of this sum McBrien claims is owing to him for the sale of a half interest in a patent right to Holcomb. Holcomb was an inventor, and the money first advanced to him by McBrien was to help him in the procurement of patents. McBrien advanced several hundred dollars to Holcomb, and received assignments of an undivided half interest in two patents. Holcomb also took out an insurance policy for $5,000, and assigned it to McBrien. This policy was permitted to lapse. In one of these patents, Dr. Parker, of Grand Rapids, held a half interest before it was assigned to Mr. McBrien. McBrien testifies that he let Holcomb have $250 to buy this interest of Parker in October, 1887, and that in April, 1889, he reassigned such half interest to Holcomb for a consideration of $5,000, which has never been paid to him; and such an assignment is brought into court, and was recorded in the patent office on April 11, 1889. At the same time McBrien swears that the agreement was that Holcomb should insure his life for $10,000, and assign the same absolutely to McBrien, and the present policy was taken out under such agreement, McBrien to pay the first

premium and all assessments, which he has done. McBrien claims that he, by this assignment to Holcomb, conveyed all his interest in all the patents to Holcomb; but, by the assignment produced, it appears that only his interest in one was conveyed by the language of the instrument. It is also shown by McBrien's own testimony that, during the time he held these patents jointly with Holcomb, there was no sale or demand for them; and yet within less than two years, these patents having no value but a speculative one, he insists that he sold his interest to Holcomb for $5,000, the sum recited as the consideration in the assignment, and it is therefore contended that this sum should be added to the sum tendered by the administrator as the real interest of McBrien in the policy, if the assignment of such policy is found not to be an absolute conveyance of the whole of the same. The evidence shows that these patents so far have been found to be of no financial value whatever, except between Holcomb, Parker, and McBrien; and the testimony strongly tends to show that they are worthless, and always have been. McBrien was allowed the $250 paid to Parker, and we are inclined to believe that the circuit judge, who heard the testimony and saw the witnesses, came to the right conclusion, and that the decree below is right, although the truth of this contention is not as clear as we would wish it, or as it probably would have been could Holcomb have spoken on the present trial.

The decree is affirmed, with costs of this Court to complainant. The insurance company will also be allowed costs against defendant for the printing of the brief of its counsel.

The other Justices concurred.