LANGE v. KLATT.

1. EVIDENCE—MATTERS WITHIN KNOWLEDGE OF DECEDENT— WAIVER.
    Where plaintiff, an administratrix, was permitted to show, both on cross-examination of defendant and by independent testimony, certain claimed admissions made by defendant as a witness on a former trial between the same parties, defendant should have been allowed to testify fully as to the subject-matter of such admissions, though equally within the knowledge of the deceased.

2. SAME—TESTIMONY ON FORMER TRIAL—STENOGRAPHER'S MINUTES.
    Parol testimony as to what a witness testified to on a former trial is not rendered incompetent by the fact that a copy of the stenographer's minutes of his testimony is accessible to counsel.

Error to Wayne; Brooke, J. Submitted November 5, 1903. (Docket No. 14.) Decided December 22, 1903.

*Assumpsit* by Addie Lange, administratrix of the estate of Edward Lange, deceased, against William F. Klatt, for money loaned. From a judgment for plaintiff, defendant brings error. Reversed.

*Orla B. Taylor*, for appellant.

*Ari E. Woodruff, George W. Coomer*, and *William F. Atkinson*, for appellee.

MONTGOMERY, J. This is an action of *assumpsit* brought by the plaintiff, as administratrix of the estate of Edward Lange, deceased, to recover the sum of $500, claimed to have been loaned by decedent to the defendant on March 25, 1898. Lange was the uncle of the defendant. Some time prior to Lange's death, defendant ran a saloon and restaurant in the city of Detroit, and Lange was in the habit of visiting him whenever he came to the city. On the 25th of March, Lange gave the defendant the sum of $500, no note being taken therefor. Plaintiff says that this sum was given to the defendant as a loan; defendant claims that it was given to him by Lange to be divided as a present between defendant and his brothers and sisters, $100 to be given to each. Afterwards, Lange assigned to the defendant a certain mortgage, with which, as collateral, the defendant raised the sum of $1,500. In August, 1900, Lange brought a suit in the Wayne circuit court, in chancery, to compel defendant to return this mortgage. Before the hearing, Lange died, and the suit was prosecuted to decree by the present plaintiff. After the final disposition of the chancery suit, this action was brought.

The question presented is whether the court erred in excluding the testimony of defendant in relation to the receipt of this $500 in issue, and the conversations had by him with Edward Lange, either at the time of its receipt or immediately afterwards, with reference thereto.

On the trial of the present case the plaintiff was a witness, and testified that defendant had given evidence in the chancery suit to the effect that he (the defendant) bor-

rowed this sum of $500 from his uncle, and that he had not paid it back. Ari E. Woodruff, who was solicitor for complainant in the chancery suit, gave testimony to the same effect. On cross-examination the stenographer's minutes were read, and somewhat modified the testimony given by the witnesses as to what occurred in the chancery case. The defendant was called as a witness, and on cross-examination was asked this question:

" Q. Were you here yesterday when Mr. Woodruff was asked by your counsel a number of questions, and read from the testimony ? You heard those questions ?

"A. Yes, sir.

" Q. You heard those answers ?

"A. Yes, sir.

" Q. They were correct, were they ?

"A. Yes, sir.

" Q. You did testify to that ?

"A. Yes, sir.

" Q. And still stick to it ?

"A. Yes, sir.

" Q. What was said there ? Did you testify to the truth at that time as to how you got the $500 ?

"A. Yes, sir.

" Q. Where you got it, and all that ?

"A. Yes, sir."

Defendant's counsel then sought to pursue the inquiry, and interrogated the witness further as to the transaction of the receipt of this money, and the testimony was excluded. We think this was error. The case of *Fox* v. *Barrett's Estate*, 117 Mich. 162 (75 N. W. 440), cannot be distinguished from this.

It is further urged as error that the court permitted parol testimony of the plaintiff and her attorney, Mr. Woodruff, as to what testimony was given in the chancery case. We think this was not error. The testimony was competent, and its weight would be for the jury.

The other questions presented are not likely to arise on another trial, and the judgment will be reversed, and a new trial ordered.

MOORE, CARPENTER, and GRANT, JJ., concurred. HOOKER, C. J., took no part in the decision.