## KWIECINSKI *v.* NEWMAN'S ESTATE.

1. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

   A physician is a competent witness to prove the value of items appearing in his books which had been admitted in evidence without objection, in a proceeding by him to recover from the estate of a deceased person the value of medical attendance and services rendered the decedent.

2. EVIDENCE — PHYSICIANS — SERVICES.

   The fact that a physician treated other persons than the deceased in the same house is irrelevant in a suit to recover for his services.

3. WITNESSES — CROSS-EXAMINATION — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

   A party who introduces testimony equally within the knowledge of a deceased person cannot complain because the opposite party examines the witness further upon the subject.

Error to Wayne; Brooke, J. Submitted June 15, 1904. (Docket No. 11.) Decided July 16, 1904.

Wenceslaus K. Kwiecinski presented a claim against the estate of Teresa Newman, deceased, for medical services. The claim was disallowed by the commissioners,

and claimant appealed to the circuit court where there was judgment for claimant, and defendant brings error. Affirmed.

*Sumner Collins* and *Stanton Clarke*, for appellant.

*Ira A. Leighley*, for appellee.

Hooker, J. The appellee is a physician, and filed a claim against the estate of Teresa Newman for medical attendance furnished to her. The claim, which was disallowed by the commissioners, was sustained, in part, at circuit, and defendant has appealed.

The deceased was a housekeeper at the rectory of a Father Vanden Driesse, in Detroit, and died there November 21, 1901, and many of the services were rendered at the rectory. To establish his claim, the books of account of the plaintiff were introduced without objection. There was other evidence that he attended her professionally.

The plaintiff was asked the following questions, viz. :

" The entries on pages 148, 149, 150, and 151 (marked Exhibit 1) were made by me in the regular course of my business on the dates that they bear in the book, and the account as shown in those pages is the account of Teresa Newman. (Exhibit 1 offered in evidence.)

"*Q.* Were the charges made reasonable charges for the services performed and medicine delivered to her ?

"*A.* Yes, sir.

"*Mr. Collins:* I object to that, under the statute—whether there were medicines delivered to her.

"*Q.* For services performed ?

"*Mr. Collins:* I object to that.

"*Mr. Leighley:* That is not equally within her knowledge. Even if she were alive, she could not swear as to the value of the services, unless she is proven to be an expert.

"*The Court:* I will take an answer to the question. (Defendant excepts.)

"*Q.* If they were delivered to her, and the services were rendered to her.

"*A.* Yes."

1904]    KWIECINSKI *v.* NEWMAN'S ESTATE.    289

We think the plaintiff was competent to testify to the value of the items proved by the book, and that such was the purpose and effect of his testimony. It would be hypercritical to reverse the case on this ground, especially in view of the colloquy given above.

The court refused to permit defendant to show upon cross-examination of plaintiff that plaintiff treated Fr. Vanden Driesse or others at the rectory during the period covered by this bill. It was immaterial, and, if true (and we think it appears in the case), it would have no tendency to discredit the books or plaintiff's claim.

It is unnecessary to allude to other questions, further than to say that the defendant introduced plaintiff's testimony about the receipt, thus opening the door to further examination by his counsel upon a subject equally within the knowledge of deceased. *In re Bennett's Estate*, 52 Mich. 419 (18 N. W. 195); *Lilley* v. *Insurance Co.*, 92 Mich. 159 (52 N. W. 631); *Beardslee* v. *Reeves*, 76 Mich. 661 (43 N. W. 677).

The judgment is affirmed.

The other Justices concurred.