FOWLER *v.* HAMILTON MOVING & STORAGE COMPANY.

1. Workmen's    Compensation—Partnership—Dependents—Evidence.

    In order that dependents of a deceased partner may recover an award under the workmen's compensation act it is incumbent upon them to prove that deceased, at the time of the fatal accident, was a working member of the partnership, receiving wages irrespective of profits, and that such relation existed by reason of a contract of hire, express or implied (3 Comp. Laws 1948, § 411.7).

2. Same — Partnership — Declarations in Policy — Admissions against Interest.

    Workmen's compensation insurance policy containing declarations, made by partners, that plaintiff's deceased was a working member of the insured partnership receiving wages irrespective of profits, was admissible in evidence in proceeding under the workmen's compensation act against the partnership, based upon deceased's employment.

3. Evidence—Admission against Interest.

    An admission against interest is a voluntary statement of a material fact or an equivalent act by a party to the action in which it is offered, or by another on his behalf, which contradicts some position assumed by him in that action, and which is substantive evidence for the adverse party.

---

References for Points in Headnotes

[1] 58 Am. Jur., Workmen's Compensation, § 146.
[1] Workmen's compensation: Interest in the business or in corporation or firm owning the business as affecting right to compensation. 15 A.L.R. 1288, 81 A.L.R. 654.
[3] 20 Am. Jur., Evidence, § 543.
[4] 20 Am. Jur., Evidence, § 1196.
[5] 58 Am. Jur., Witnesses, § 359.
[6] 58 Am. Jur., Witnesses, § 351.

4. SAME—ADMISSION AGAINST INTEREST—PRESUMPTIONS.

While an admission against interest of a fact as to the existence of a personal relation is subject to rebuttal, in the absence of a contrary showing, it provides competent evidence of the relationship of the parties at a time subsequent thereto or until a different presumption is raised from the nature of the subject in question.

5. WITNESSES—CROSS-EXAMINATION—WAIVER OF PROTECTION OF STATUTE AS TO MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Representatives of a deceased person may call the opposite party for cross-examination under the statute, but if such course is followed the protection of the statute relating to matters equally within the knowledge of the deceased is waived to the extent of permitting the witness to testify fully with reference to the matters concerning which he has been cross-examined and rendering him competent as a witness against the examining party as to such matters (4 Comp. Laws 1948, §§ 617.65, 617.66).

6. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In construing statute barring an opposite party from testifying as to matters equally within the knowledge of deceased, the term "matters" means a fact or facts material to the issue being tried (4 Comp. Laws 1948, § 617.65).

7. WORKMEN'S COMPENSATION—PARTNERSHIPS—WORKING MEMBER— EVIDENCE—WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In proceeding to recover dependency benefits under the workmen's compensation act from defendant partnership of which deceased was, on examination by plaintiff, shown to be a working member at a time some two months before the fatal accident by testimony of the remaining member, it was error to exclude testimony of such member having reference to such relationship as of the time of the accident, sought to be elicited by defendant (4 Comp. Laws 1948, § 617.65).

Appeal from Department of Labor and Industry. Submitted January 14, 1949. (Docket No. 9, Calendar No. 43,994.) Decided May 18, 1949.

Louise Fowler, widow, and minor children presented their claim for compensation against Hamilton Moving & Storage Company, employer, and Massachusetts Bonding & Insurance Company, insurer, for death of husband and father. Award to plaintiffs. Defendants appeal. Reversed and remanded for further proceedings.

*Charfoos, Gussin & Weinstein*, for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin*, for defendants.

SHARPE, C. J. Plaintiffs, Louise Fowler and her 2 minor children, are the widow and children of Henry Clayton Fowler who was killed in an accident resulting from a fall of a piano on March 3, 1947. Defendant Hamilton Moving & Storage Company is a copartnership consisting of Marshall Ray Harper and Henry Clayton Fowler. At the time of the accident, Fowler was assisting in moving a piano for the moving company.

Plaintiffs filed an application for hearing and adjustment of claim with the department of labor and industry naming the moving company as decedent's employer. A hearing was held on June 4, 1947, at which time it was shown that Henry C. Fowler and one Marshall R. Harper were partners in the Hamilton Moving & Storage Company; and that deceased was killed while engaged in work for the partnership.

An insurance policy covering employees of the partnership was introduced in evidence, a part of which reads as follows:

| "CLASSIFICATION OF OPERATIONS | Estimated Total Annual Remuner-ation | Rate per $100 of Remuner-ation | Estimated Premium |
|---|---|---|---|
| (Note: If more than one classification indicate each other by (b) (c) (d) etc.) | | | |
| 1. (a) Truckmen — N.O.C. — including drivers, chauffeurs and their helpers; terminal employees; stablemen; garagemen; blacksmiths; repairmen; riggers—(Storage warehouse employees to be separately rated) | | | |
| # 7219 ..................... | $2,000.00 | $2.75 | 55.00 |
| Marshall R. Harper 7219 ..... | $2,000.00 | 2.75 | 55.00 |
| Henry C. Fowler 7219 ....... | $2,000.00 | 2.75 | 55.00 |

Minimum premium for this policy shall be .... $51.00
Estimated advance premium ................ $165.00

"Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the policy period of all such remuneration. * * * The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The company shall be permitted to examine the books of this employer at any time during the policy period and any extension thereof and within one year after its final termination so far as they relate to the remuneration earned by any employee of this employer while the policy was in force."

At the hearing plaintiffs called Marshall R. Harper as a witness for cross-examination under the statute.* He testified that he was one of the part-

* 4 Comp. Laws 1948, § 617.66 (Stat. Ann. § 27.915).—REPORTER.

ners of the Hamilton Moving & Storage Company; that he was present when Mr. Fowler was killed; the manner in which the accident happened; and that at that time deceased was working for the partnership. Defendant bonding company on cross-examination sought to examine the witness upon the question of what arrangements existed between the 2 partners as to compensation. Upon objection by plaintiffs that such testimony was equally within the knowledge of the deceased, the deputy commissioner excluded it as being in violation of 3 Comp. Laws 1929, § 14219 * (Stat. Ann. § 27.914).

The deputy commissioner awarded compensation of $23 per week for not to exceed 400 weeks based upon an average weekly wage of $38.46 at the time of Fowler's death, and $300 for funeral expenses. This award was affirmed on appeal to the department. Leave having been granted, defendants appeal.

In order that plaintiffs may recover an award under the workmen's compensation act it is incumbent upon them to prove that deceased, at the time of the fatal accident, was a working member of the partnership, receiving wages irrespective of profits; and that such relationship existed by reason of a contract of hire, express or implied. See 2 Comp. Laws 1929, § 8413, as last amended by Act No. 245, Pub. Acts 1943 † (Comp. Laws Supp. 1945, § 8413, Stat. Ann. 1947 Cum. Supp. § 17.147).

Defendants urge that there was no evidence to establish the jurisdiction of the department as the plaintiffs failed to prove that deceased was receiving wages irrespective of profits.

The department based its findings that deceased was a working member of the partnership receiving wages irrespective of profits upon the statutory

* 4 Comp. Laws 1948, § 617.65.—REPORTER.
† 3 Comp. Laws 1948, § 411.7.—REPORTER.

provisions of the insurance contract and the declaration of the insured made pursuant thereto; and said:

"The only evidence, therefore, that is before us on the question of whether or not the deceased was a working member of the partnership receiving wages irrespective of profits is the declaration to that effect in the insurance contract entered into by the defendant partnership and the defendant insurer. We believe this declaration is in effect a duly executed and written admission against interest on the part of the defendants herein and that it is competent evidence in this case."

The statutory provisions, made a part of the standard workmen's compensation policy, read in part as follows:

"(e) That it (insurer) hereby assumes all obligations imposed upon the said employer by his acceptance of the Michigan workmen's compensation law, as far as the payment of compensation, death benefits, or for medical, surgical or hospital care or medicines is concerned.    *    *    *

"If this employer is a partnership its working members who receive wages irrespective of profits and who have not rejected such compensation act in the manner therein specified shall be included in this policy and in the estimate and final adjustment of remuneration as provided at a fixed annual remuneration of $2,000 for each such working member. The name of each such working member shall be stated in the declarations forming a part of this policy."

The "declarations" in the policy made by the partners were statements by the partnership. They were made pursuant to the quoted provisions of the policy and were an admission that on the date of the execution of the policy the partners were working members of the partnership receiving wages irrespective of profits and, as such, were admissible

in evidence against the partnership.    See 4 Wigmore on Evidence (3d Ed.), § 1048.

In 5 Callaghan, Michigan Pleading and Practice, § 36.498, it is stated:

"An admission against interest is a voluntary statement of a material fact or an equivalent act by a party to the action in which it is offered, or by another on his behalf, which contradicts some position assumed by him in that action, and which is substantive evidence for the adverse party."

In our opinion the statements were made by the partnership as the employer of deceased and were admissible against it in an action based upon deceased's employment. The admission above referred to is subject to rebuttal, but in the absence of a contrary showing it provides competent evidence of the relationship of the parties on the date the policy was executed.

A presumption may not be carried to absurd lengths, however, in the case at bar the insurance policy was issued January 17, 1947, and the accident occurred on March 3, 1947, not quite 2 months later. A presumption that the business arrangements of the parties remained the same for this length of time would not be arbitrary, absurd or unwarranted.

In 20 Am. Jur. p. 205, it is said:

"It is well established that when the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question."

See, also, *Blank* v. *Township of Livonia,* 79 Mich. 1, and *Sanford* v. *Millikin,* 144 Mich. 311.

Under this record a question of fact was presented for the determination of the department of labor and industry. In making this determination it was permissible for the department to draw inferences from the one piece of evidence before it. *Glenn* v. *McDonald Dairy Co.*, 270 Mich. 346, and *Salmi* v. *New Era Life Association*, 276 Mich. 457. Such determination fortified by competent evidence is binding upon us.

Defendants also urge that the department erred in failing to hold that plaintiffs had waived the benefits of 3 Comp. Laws 1929, § 14219, as to matters equally within the knowledge of deceased, by their examination of the witness Harper. It is to be noted that plaintiffs' examination was confined to a showing that the witness was a partner of the deceased; and that deceased was killed while occupied in the business of the partnership. The matters upon which defendants sought cross-examination related to the details of the partnership and whether there was a contract of employment between the individual partners and the partnership. The evidence sought to be brought out by the defendants was equally within the knowledge of the deceased and prohibited by the statute in question. The cross-examination that defendants were entitled to was limited to the subject matter brought out by plaintiffs on direct examination. See *Gacesa* v. *Consumers Power Co.*, 220 Mich. 338 (24 A. L. R. 675). It was not error on the part of the deputy commissioner to reject the evidence sought to be brought out by defendants' counsel, as such evidence was clearly within the statutory prohibition.

The award should be affirmed, with costs to plaintiffs.

CARR, J. I concur in the opinion of the Chief Justice other than his conclusion that the depart-

ment was not in error in excluding the proffered testimony of the witness Harper. On the hearing before the deputy commissioner plaintiffs called Mr. Harper to testify in their behalf. After establishing that he was one of the partners of the Hamilton Moving & Storage Company, counsel for plaintiffs was permitted to cross-examine him. The cross-examination developed that at the time of the accident resulting in the death of Mr. Fowler the latter was working for the Hamilton Moving & Storage Company, assisting in the moving of a piano. Such testimony indicated an employer-employee relationship between the partnership and Mr. Fowler. Thereupon defendants undertook to show by Mr. Harper's testimony the nature of the relationship under which Mr. Fowler was working at the time. On objection, this testimony was excluded, on the theory that it was incompetent under 3 Comp. Laws 1929, § 14219 * (Stat. Ann. § 27.914).

It has been repeatedly recognized in prior decisions of this Court that the representatives of a deceased person may call the opposite party for cross-examination,† but that if such course is followed the protection of the statute * is waived to the extent of permitting the witness to testify fully with reference to the matters concerning which he has been cross-examined and rendering him competent as a witness against the examining party as to such matters. In *Fox* v. *Barrett's Estate,* 117 Mich. 162, it was said:

"The statute in question was designed to protect estates, by excluding the testimony upon the subject known equally to the claimant and the deceased party. If, however, the representative of the deceased wishes, he may compel the living party to testify; but in that case he cannot prevent such

---

* 4 Comp. Laws 1948, § 617.65.—REPORTER.
† 4 Comp. Laws 1948, § 617.66.—REPORTER.

party from giving a full explanation of the subject inquired about."

In *Gacesa* v. *Consumers Power Co.*, 220 Mich. 338 (24 A. L. R. 675), the department of labor and industry declined to consider certain testimony in a compensation case. The following quotation from the opinion indicates the situation:

"The foreman of defendant, Mr. Howard, was called by plaintiff as a witness and interrogated as to the employment of deceased, his wage, and the circumstances of his death. Upon cross-examination of this witness, over objection of plaintiff's counsel, defendant was permitted to put into the record further details of the employment of deceased including instructions and orders given him. The department of labor and industry declined to consider this testimony on the ground that it was equally within the knowledge of the deceased and that the statute had not been waived by plaintiff in calling Mr. Howard as her witness. This ruling presents the first question in the case. We think the department of labor and industry entertained an erroneous view. Plaintiff had called Mr. Howard as a witness and had interrogated him upon a subject equally within the knowledge of deceased, *i.e.*, the employment of deceased, his duties, that he was under the direction of the witness. Having done this the mouth of the witness could not be closed when he was interrogated further on the subject he had testified about on direct-examination. *Smith's Appeal*, 52 Mich. 415; *Beardslee* v. *Reeves*, 76 Mich. 661; *Lilley* v. *Mutual Benefit Life Insurance Company of Newark, New Jersey*, 92 Mich. 153; *Fox* v. *Barrett's Estate*, 117 Mich. 162. In the last cited case it was said by Mr. Justice HOOKER, speaking for the Court:

" 'There would be little justice in so construing the statute as to permit counsel for the estate to prove a part of a transaction by the claimant's own testimony, and then close the mouth of the witness

as to the remainder. That seems to be what was attempted in this case. The court correctly held that, when a subject is gone into under such circumstances, it may be explained fully by the witness on redirect-examination; and we are of the opinion that the case before us was within the rule.'"

A similar question arose in *Bishop* v. *Shurly,* 237 Mich. 76. In discussing the language of the statute forbidding the opposite party in interest to testify against the representatives of a deceased person as to matters equally within the knowledge of such deceased person it was said:

"The term 'matter,' as used in the statute, means a fact or facts material to the issue being tried. The burden was on plaintiff to prove that a local anesthetic had been administered and that the deceased had passed away as a result thereof. The facts elicited by the plaintiff from Dr. Gaines, heretofore particularly stated, showed that a local anesthetic had been used, that deceased soon after collapsed, the efforts made to revive him, and his death about 50 minutes thereafter. These facts were all material to the issue. It is upon them that plaintiff bases her claim that the contract was breached by the defendant. Under the rule stated in the *Fox Case,*[*] we feel constrained to hold that when plaintiff elicited these facts in the examination of the doctor the defendant was entitled to have him fully explain what occurred in the operating room after the deceased had been brought there, prepared for the administration of ether. That a change in the form of the anesthetic to be used was then made is apparent. Why was it made? The reason therefore, clearly, is a 'matter' affecting the issue to be decided. We find no error in the ruling of the court permitting the doctor to testify relative thereto."

* 117 Mich. 162.—Reporter.

The subject is discussed at some length in *Billingsley* v. *Gulick,* 256 Mich. 606 (79 A. L. R. 166), in which decisions from other States are cited. Among other decisions of like import are *Kwiecinski* v. *Newman's Estate,* 137 Mich. 287; *Judd* v. *Judd,* 187 Mich. 612; *Rock* v. *Gannon Grocery Co.,* 246 Mich. 545; *Shea* v. *Siller,* 262 Mich. 279; *Hayes* v. *Skeman,* 269 Mich. 473; *McTaggart* v. *Kurys,* 318 Mich. 627; *Rehm* v. *Interstate Motor Freight System* (C. C. A.), 133 Fed.(2d) 154, 159. The case of *Jonescu* v. *Orlich,* 208 Mich. 89, is readily distinguishable on the facts. There the defendant, called for cross-examination by the plaintiff, testified with reference to the contract of hiring between defendant and plaintiff's decedent. Thereupon defendant sought to testify as to instructions and warnings given to plaintiff's decedent, but having no connection with the contract between the parties. It was held that the objection to such testimony was properly sustained.

In the case at bar the principal question at issue had reference to the relationship between the Hamilton Moving & Storage Company and Mr. Fowler. Having elicited from the adverse party, Mr. Harper, testimony tending to bear on such relationship, the protection of the statute was so far waived as to permit the witness to testify as to the relationship existing at the time of the accident. The finding that the deceased was a partner working for wages irrespective of benefits was predicated on the terms of the insurance policy executed approximately 2 months before the accident occurred, together with the presumption that the condition once shown to exist was presumed to continue. Under such circumstances the excluded testimony may have been of controlling significance. Defendants were entitled to its benefits. *Veek* v. *Wesley Freight Co.,* 306 Mich. 485.

The case should be remanded to the department of labor and industry with directions to set aside the award and to permit defendants to introduce the testimony in question, with costs of this appeal to defendants.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred with CARR, J.