ROCK *v.* GANNON GROCERY CO.

1. WITNESSES—EXCLUSION OF TESTIMONY OF OPPOSITE PARTY APPLIES TO TORT CASES.

The statute (3 Comp. Laws 1915, § 12553) excluding testimony by opposite party as to matters which if true were equally within the knowledge of deceased, applies to tort actions.

2. SAME—WAIVER.

Where, in an action by the administratrix for injuries resulting in the death of plaintiff's decedent, plaintiff called heirs of the estate to testify to facts equally within the knowledge of deceased, there was a waiver of the protection of the statute (3 Comp. Laws 1915, § 12553), at least to the extent of permitting the defendant to give reply testimony to that given by the parties in interest.

3. SAME—INFERENCES—QUESTION FOR JURY.

The trial court was in error in inferring that all of the facts and circumstances of the accident resulting in the death of deceased were within her knowledge, and said question should have been submitted to the jury.

FELLOWS, McDONALD, and SHARPE, JJ., dissenting.

Error to Dickinson; Flannigan (Richard C.), J. Submitted October 11, 1928. (Docket No. 64, Calendar No. 33,831.) Decided April 17, 1929.

Case by Ella Rock, administratrix of the estate of Emma LaFave, against the Gannon Grocery Company and Curtis Micheau for injuries resulting in the death of plaintiff's decedent. From judgment for plaintiff, defendants bring error. Reversed.

(545)

*Derham & Derham,* for plaintiff.

*G. R. Empson* and *Symonds & Raym,* for defendants.

McDONALD, J. (*dissenting*). This action was brought by the plaintiff as administratrix of the estate of Emma LaFave, deceased, to recover damages resulting to the estate which it is claimed were caused by the negligence of Curtis Micheau, the driver of a truck belonging to the Gannon Grocery Company.

At the time of the accident, the decedent with her husband and others was riding in an automobile driven by one Theodore Nault. They were going from Ishpeming, Michigan, to Iron Mountain. Their way led across the Michigamme river, which is there spanned by a bridge 16 feet wide and 90 feet long. They approached the bridge from the north, and as they were within 100 feet of it they saw the defendant's truck coming from the south and about to enter on the bridge. Believing that there was not sufficient room for the two vehicles to pass, the driver of the automobile says that, when he came to within 10 or 15 feet of the bridge, he drove off the right side of the road and came to a full stop to await the passing of the truck. It is claimed that the truck came forward at an excessive and unreasonable rate of speed, and, instead of making a curve which is at the end of the bridge, drove straight off into the automobile. The time was about 10:30 o'clock in the morning of November 8, 1926. The plaintiff's decedent sustained injuries from which she died in the following January.

The negligence alleged is that the truck was being driven at an unreasonable and unlawful speed, that the driver did not have it under control, that he saw

or should have seen the automobile, and that he did not use such care to avoid the accident as a driver of ordinary prudence would have used under the circumstances. The declaration also charges wilful, wanton, and reckless conduct on the part of the driver of the truck.

The defendants deny all allegations of negligence, and claim that the accident was solely due to the negligence of the driver of the automobile in stopping it on the wrong side of the road.

The plaintiff recovered a verdict for $8,000. The court denied a motion for a new trial, on condition that the plaintiff should remit $3,000 from the verdict. A remittitur was filed, and judgment entered for the plaintiff in the sum of $5,000. The defendants have brought error.

The assignments of error relate to the charge of the court, to the exclusion of testimony, and the denial of a motion for a new trial.

It is first contended that the court erred in submitting the question of subsequent negligence to the jury because its submission was not warranted by the pleadings.

In the declaration there is no reference by name to subsequent negligence. Counsel who drafted it, incorrectly used the words "wilful, wanton, and reckless conduct." But, as pointed out by Mr. Justice CLARK in *Gibbard* v. *Cursan,* 225 Mich. 311, courts and text-writers frequently are guilty of the same error. The courts in this State have classed such conduct as negligence. So there is no doubt as to the meaning and effect of the declaration in alleging that the conduct complained of was:

"In wilfully, wantonly, and recklessly failing to stop said truck and avoid injuring said Emma La-Fave after said Micheau discovered or after said

Micheau should have discovered the position of his automobile."

This was a sufficient allegation of subsequent negligence to admit evidence thereof and to justify the court in submitting the question to the jury. In their brief, counsel for the defendants for the first time raised the question of concurring negligence. It was not referred to in the charge of the court. Throughout the trial there was no suggestion that concurring negligence was an issue in the case. It was not presented in any request to charge, was not referred to in the motion for a new trial, and is not covered by any assignment of error. It is not here for our consideration.

Error is alleged on the refusal of the court to permit the witness Curtis Micheau, the driver of the car, to testify as to the transaction on the ground that it involved matters which if true were equally within the knowledge of the deceased.

It is contended by the defendants that the statute, 3 Comp. Laws 1915, § 12553, relative to the exclusion of matters which if true must be equally within the knowledge of the deceased, does not apply to the testimony of Mr. Micheau, because the subject-matter of his proposed testimony was "apparently open and notorious to other witnesses."

The prohibition of the statute is not so limited. In Perkins, Evidence by Survivor, § 34, it is said:

"Nor will the bar of the statute as to the competency of the opposite party be removed by the fact that third persons were present. He still remains disqualified."

Was objection to his testimony waived? Mr. Micheau was a defendant in the case. He was not an heir, assign, devisee, or legatee, and therefore

was not a protected party.  The statute prohibited
his testimony, and it was properly excluded unless
objection to its competency was waived by allowing
the plaintiff to call the husband of the deceased,
Alfred LaFave, who was financially interested in
the estate, and who testified fully in regard to the
accident.  There can be no waiver except by the tes-
timony of one incompetent to testify to matters
equally known to the deceased.  The husband was a
protected party under the statute.  In a case such
as this where the opposite party is a stranger to
the estate and therefore is not a protected party,
the husband of the deceased, though an interested
witness, is not prohibited from testifying to the
transaction.  As there can be no waiver by admitting
the testimony of a witness competent to testify, there
was no waiver in this case, and the court did not
err in excluding the testimony of Mr. Micheau.

This question is very clearly discussed by Judge
Perkins in his work on Evidence by Survivor.  In
section 80, the author says:

"It is thus seen that the purpose of the statute
is to protect heirs, assigns, devisees, and legatees, as
well as personal representatives of a deceased per-
son, and that this purpose has, in large measure,
been met and accomplished by the decisions of the
court.  It is also apparent that the estate itself has
no greater right to call in its behalf an interested
witness as against the heirs, assigns, devisees, and
legatees, than have the heirs, assigns, devisees, and
legatees the right to call such witness whenever they,
or any of them, are in opposition to the estate.

"The rule, however, is otherwise when the oppo-
site party is a person not so protected by the statute;
as, a claimant, or other third party in interest.  In
such case there is no limitation of the right of either
the representative or the other protected parties to

testify in their own or in the estate's behalf, or to call other interested witnesses for that purpose. This distinction is important. The language of the amendment itself emphasizes it: 'When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party' shall not be permitted to testify. Therefore, whenever any of the protected parties are on one side of the controversy and a person not so protected is on the other, the latter is the 'opposite party' and excluded as a witness; but under such circumstances the statute does not prohibit the representative or the other persons protected from either testifying or calling interested witnesses to testify in their behalf. They are not opposite parties. Besides, the amendment is for their protection.'' Also, see section 88.

We find no reversible error in the record. The judgment of the lower court should be affirmed, with costs to the plaintiff.

Fellows and Sharpe, JJ., concurred with McDonald, J.

Wiest, J. I cannot concur in the opinion of Mr. Justice McDonald.

This suit was brought to recover damages for the benefit of the heirs of the estate of Emma LaFave, deceased.

Recovery, if had, will go to the husband and children under the statute of distribution. Alfred La-Fave, husband, and Walter LaFave, son, of the deceased, witnessed the accident and testified fully to circumstances claimed to have been equally within the knowledge of the deceased and tending to show defendants' negligence. The defendant Micheau, driver of defendant's car, was not allowed to testify in contradiction of such testimony or to any of the

circumstances of the accident, because equally within the knowledge of the deceased, and, therefore, excluded by statute. The statute applies to tort actions. *Noonan* v. *Volek, ante,* 377.

The statute is a shield and not a sword. Death having sealed the lips of one, the statute closes the lips of the other, except in contradiction of testimony given by witnesses having a pecuniary interest in the recovery. The statute recognizes a condition occasioned by death and establishes equality between the living in interest, but does not permit the living, in behalf of their pecuniary interest, to advance a sword from behind the shield and forbid its parry. It has long been held that the statute may be waived. It is manifestly unfair to permit those having a pecuniary interest in the suit to testify to matters equally within the knowledge of the deceased and to deny the opposite party the right to contradict or be heard with reference to such testimony.

The statute is a hold-over of the common-law disqualification of parties to a suit. When the disqualification of parties was lifted, this reservation was enacted. While somewhat expressive of policy, it was not intended to award plaintiffs in interest an advantage. In some States the statutes bar such advantage, and in some others the courts, under the doctrine of waiver, have resolutely accorded fairness. Our statute protects the heirs, assigns, devisees, legatees. and personal representatives of the deceased.

When the representative of the estate called heirs of the estate to testify to facts equally within the knowledge of the deceased in order to have recovery in their behalf against defendants, there was waiver of the protection, at least to the extent of permitting the defendant Micheau to give reply testimony to

that given by living parties in interest. The exact question presented by this record does not appear to have been heretofore considered by this court. The trial judge excluded defendant Micheau from testifying to the circumstances of the accident because equally within the knowledge of the deceased. Accepting the fact of such knowledge for the purpose of decision, we have a case of heirs testifying to claimed acts of defendant Micheau equally within the knowledge of the deceased and the defendants precluded from contradicting such testimony. Had such witnesses testified to a conversation between the defendant Micheau and the deceased, the rule in this State would permit defendant to testify in contradiction. *Webster* v. *Sibley,* 72 Mich. 630. I think the same rule applicable to acts of defendant Micheau equally within the knowledge of the deceased so far as testified to by heirs of the deceased.

In making the ruling, the trial judge inferred that all of the circumstances of the accident were within the knowledge of the deceased. We pointed out, in the *Noonan Case,* the applicable rule, and think the court, in this case, in any event, should have taken the verdict of the jury upon the question of whether the deceased had knowledge of the excluded facts and circumstances.

For the errors mentioned, the judgment should be reversed and a new trial granted, with costs to defendants.

NORTH, C. J., and FEAD, CLARK, and POTTER, JJ., concurred with WIEST, J.