MELOCHE v. FLOWERS, INCORPORATED.

1. Appeal and Error—Directed Verdict—Construction of Testimony—Master and Servant.

On appeal from directed verdict for defendants in action by administrator of estate of deceased 16-year old boy against owner of store and office building in which decedent was injured while operating an elevator and one claimed to have been decedent's employer, Supreme Court assumes relation of employer and employee was established as claimed where testimony on the subject was contradictory.

2. Witnesses—Matters Equally Within Knowledge of Deceased—Waiver.

In action for damages by administrator of estate of one fatally injured on freight elevator in store and office building after plaintiff had elicited testimony from a defendant's officer as to matters otherwise inadmissible because equally within knowledge of deceased, defendant was entitled to fully explain what had taken place (3 Comp. Laws 1929, § 14219).

3. DEATH—CONTRIBUTORY NEGLIGENCE—LANDLORD AND TENANT—NEGLIGENCE—ELEVATORS.

In action for damages by administrator of estate of deceased employee of store and office building lessee against lessee and lessor for fatal injuries sustained in operation of freight elevator, failure of defendant lessor to comply with statute or ordinance with respect to construction or equipment of such elevator does not fasten liability upon it for decedent's death if he was guilty of contributory negligence proximately causing the accident (2 Comp. Laws 1929, § 8327).

4. MASTER AND SERVANT—HAZARDOUS EMPLOYMENT—OPERATION OF ELEVATOR.

Operation of elevator *held*, not a hazardous employment within meaning of statute requiring work permit of minor less than 18 years of age (2 Comp. Laws 1929, § 8326).

5. BUILDINGS—OPERATION OF ELEVATORS.

Claim that elevator controls were so manipulated in basement of store and office building after 16-year old decedent employee of lessee had partially entered elevator for purpose of bringing it flush with floor level of hallway as to fatally injure him *held*, unsupported by any evidence, in action by administrator of decedent's estate against lessee and lessor and contradicted by fact that elevator began to ascend only after decedent's elbow had been seen to move as if operating the controls (2 Comp. Laws 1929, § 8327).

6. SAME—ELEVATORS—CONTRIBUTORY NEGLIGENCE.

Under record presented, plaintiff's decedent, a 16-year old boy, *held*, guilty of contributory negligence proximately causing fatal injuries in his operation of freight elevator in store and office building.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Supreme Court, as a rule, does not pass upon questions not included in statement of questions involved in appellant's brief.

8. MASTER AND SERVANT—DEFENSE OF CONTRIBUTORY NEGLIGENCE.

Defense of contributory negligence of employee in his action against employer is abolished except where accident did not arise out of employment or where the injuries are suffered as result of employee's wilful negligence (2 Comp. Laws 1929, § 8407).

9. SAME—WILFUL CONTRIBUTORY NEGLIGENCE.

Sixteen-year old employee of store and office building lessee who operated elevator contrary to employer's express instructions to him not to do so and suffered fatal injuries as result of such disobedience *held,* guilty of wilful negligence barring recovery in action by administrator against employer (2 Comp. Laws 1929, § 8407).

10. SAME—INCREASE OF HAZARD BY DISOBEDIENCE—WILFUL CONTRIBUTORY NEGLIGENCE.

An employee who wilfully fails to follow employer's instructions and thereby renders his employment unsafe and as a consequence suffers injuries is guilty of wilful negligence barring recovery from employer (2 Comp. Laws 1929, § 8407).

11. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—WAIVER.

In action by administrator of estate of 16-year old employee of store and office building lessee against such lessee, where plaintiff called an officer of defendant corporation to testify to facts equally within the knowledge of deceased, there was a waiver of the right to object to cross-examination at least to the extent of repelling admission that the officer had impliedly consented to decedent's being on the elevator (3 Comp. Laws 1929, § 14219).

12. NEGLIGENCE — ELEVATORS — MINORS — LANDLORD AND TENANT—MASTER AND SERVANT—PROXIMATE CAUSE.

In action for damages by administrator of estate of deceased employee of store and office building lessee against lessee and owner of the building, directed verdict for both defendants *held,* proper, notwithstanding failure of defendants to comply with statute and ordinance as to construction and equipment of freight elevator, where decedent, a 16-year old boy, was fatally injured by falling into shaft after elevator started to ascend following his partial entrance therein and manipulation of controls contrary to employer's express instructions (2 Comp. Laws 1929, §§ 8327, 8407).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 10, 1935. (Docket No. 17, Calendar No. 38,151.) Decided May 17, 1935. Amended opinion filed January 31, 1936.

Case by Patrick Meloche, administrator of the estate of Ralph Meloche, deceased, against Flowers, Incorporated, and James E. Scripps Corporation, Michigan corporations, for personal injuries sustained in operating an elevator and resulting in death of plaintiff's decedent. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Bresnahan & Groefsema* and *Samuel W. Patterson,* for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*Rockwell T. Gust* and *Harry F. Moll,* of counsel), for defendant Flowers, Incorporated.

*Vandeveer & Vandeveer,* for defendant James E. Scripps Corporation.

BUTZEL, J. Plaintiff's decedent, Ralph Meloche, was fatally injured on December 24, 1930, at which time, according to plaintiff's contention, he was in the employ of defendant Flowers, Inc. The boy was almost 17 years of age. He was bright and industrious, in full possession of all of his faculties, and had a fine school record. Defendant Flowers, Inc., was engaged in the floral business, at a shop on the northwest corner of East Grand River avenue and Farmer street, Detroit. The store is in the University Building, which occupies the easterly one-half of the property fronting on the north side of East Grand River avenue, between Farmer street on the east and Woodward avenue on the west. The building is a six-story store and office building, owned by defendant James E. Scripps Corporation. The ground floor is divided into a number of stores, with a space in the center used as a corridor or

lobby.   At the end of the corridor are two electri-
cally-powered   elevators   similar   in   appearance,
structure and mechanism.   The one towards the east,
or Farmer street, is used for passenger purposes
and is operated by an employee of the James E.
Scripps Corporation, while the one towards the west,
or Woodward avenue, is used for freight purposes
by the tenants of the building and is operated by
them, as well as by employees of the building com-
pany when called upon.   A stairway is also con-
veniently situated east of the elevators, for the use
of the tenants.   The doors leading to the elevators
are set in an ornamental steel enclosure in front of
the elevator shaft, which is of sufficient width to
accommodate the two elevators.

The mechanism of the elevators is extremely sim-
ple.   When the operator steps in and turns around,
thus facing the Grand River front of the building,
he finds a lever or control to his right, on the
westerly side of the elevator, about three feet from
the floor.   When the lever or control is in the middle
of the slot or groove, the elevator comes to a stop.
When the lever is moved to the east, or to the opera-
tor's left, the elevator ascends; when to the west, or
the operator's right, it descends.   When the opera-
tor's hand is removed from the lever, it automati-
cally swings back to the middle or neutral, and the
elevator, after going a short distance, comes to a
stop.

Flowers, Inc., was given the free use of a vacant
room on the third floor of the building, directly in
front of the elevator shaft, for a few days prior to
Christmas, for the purpose of receiving and sending
out plants.   In order to go from the corner store to
the third floor, it was necessary to go out into the
street, enter the lobby of the building and take the
elevator or stairway.

There is positive testimony to the effect that deceased was not in the employ of Flowers, Inc., on the day of the accident, but was seeking an opportunity to work as an extra assistant during the rush season before Christmas and in the meantime was visiting with some of the employees he knew. He had been previously employed by defendant for a few days prior to Mother's Day earlier in the year. As the appeal is from a verdict directed in defendants' favor, we must assume, in accordance with other testimony to that effect, that decedent was employed by defendant on the fateful day. That he was seen riding in the freight elevator by an officer of Flowers, Inc., was brought out by plaintiff's attorney, whereupon the officer on cross-examination testified that when he saw decedent he directed him not to use the elevator. Objection was made to this testimony as being equally within the knowledge of the deceased,[*] but the court admitted it for the time being. Since plaintiff first elicited the testimony on the subject matter, defendant was entitled to explain fully what had taken place. *Bishop* v. *Shurly,* 237 Mich. 76. According to the testimony of a fellow employee who plainly saw the accident, decedent, at about six p. m., brought the freight elevator up to the third floor immediately in front of the room occupied by Flowers, Inc. When he stepped out, he noticed that the floor of the elevator was about six inches above the hall level. He at once turned around, and with one foot on the floor of the hallway and the other on that of the elevator, he bent over and apparently took hold of the control, since his elbow was seen to move towards the right. He had evidently moved the control in the wrong direction, for the elevator began to ascend. Decedent hung onto the elevator

_____
* See 3 Comp. Laws 1929, § 14219.—Reporter.

until his body came in contact with the grill work above the elevator opening, when he lost his hold and fell to the bottom of the shaft. He sustained severe injuries, from which he died later in the evening.

Suit was brought by defendant's father against both Flowers, Inc., and James E. Scripps Corporation. It is claimed that defendant James E. Scripps Corporation was negligent in constructing and maintaining an elevator not in accordance with the ordinances of the city of Detroit, which provide for inner locks on the hoistway doors, so designed and installed that the elevator cannot be moved from the landing without first closing and locking such doors; in not having the elevator run by an operator; and in not providing the elevator with automatic doors or gates so constructed as to open and close by the action of the elevator either in ascending or descending, as required by 2 Comp. Laws 1929, § 8327. It is further claimed that defendant Flowers, Inc., was liable in not furnishing plaintiff's decedent with a safe place to work in, as well as for the failure to observe the ordinances and statutes in regard to the operation and proper maintenance of elevators. Defendants contend, however, that the city ordinances refer only to new elevators constructed since the adoption of the ordinance, or to those elevators as to which such alterations had been ordered by the elevator inspector; that other pertinent sections of the ordinance refer only to passenger elevators, and still others only to elevators having two entrances. Although it is true that the elevator was not constructed or equipped as required by 2 Comp. Laws 1929, § 8327, the failure to comply with a statute or ordinance does not fasten liability upon defendant James E. Scripps Corporation if the

plaintiff's decedent was guilty of negligence which was a contributing, proximate cause of the accident. *Blankertz* v. *Mack & Co.*, 263 Mich. 527.

It is further claimed that liability should be imposed upon defendant Flowers, Inc., on the ground that it employed a minor under 18 years of age in a hazardous employment, without obtaining a permit or certificate in accordance with 2 Comp. Laws 1929, § 8326. The operation of an elevator cannot ordinarily be deemed to be a hazardous employment. Its operation appears to be as simple as that of driving an automobile. The statute does not apply to non-hazardous employment. *Radic* v. *Thomas Jackson & Co.*, 178 Mich. 618, 625.

There was testimony that while the elevator was normally operated by means of the lever or control in front of and to the westerly side of the elevator, it could also be operated from the basement by a person inserting a stick in a groove in the control board adjacent to the elevator shaft, and pushing it in the proper direction. Relying on the above fact, plaintiff advances the theory that when decedent re-entered the elevator for the purpose of bringing it flush with the hallway, someone in the basement must have inserted a lever in the manner described, causing the elevator to shoot upward. The difficulty with this claim is that it is unsupported by any evidence that anyone did move the elevator from the basement, and it is contradicted by the further fact that the elevator began to ascend only after decedent himself had entered it, with one foot on the elevator floor in front of the control and the other on the hallway, and after his elbow had been seen to move to the right.

Reasonable minds must necessarily come to the conclusion that plaintiff's decedent was guilty of

contributory negligence which was the proximate cause of the accident. As a rule, we do not pass upon any question not included in the statement of questions involved in appellant's brief, but for fear that this case might be used as a precedent, we called for additional briefs, and shall consider another question not raised in the lower court nor in the statement of questions involved in plaintiff's original brief. The defense of contributory negligence as between employee and employer is abolished by the workmen's compensation act, except where, among other things, the accident is not sustained in the course of employment, or where the injuries are suffered because of the *wilful* negligence of the employee (2 Comp. Laws 1929, § 8407). As the verdict was directed for both defendants, Flowers, Inc., and James E. Scripps Corporation, we must, for the purposes of this discussion, regard as true the allegation of the declaration that plaintiff's decedent was an employee of Flowers, Inc., and the defense of contributory negligence can no longer be interposed by an employer against his employee unless and except it appears that such negligence was wilful. 2 Comp. Laws 1929, § 8407. At the time plaintiff's decedent met his fatal injuries, however, he was acting outside the course of his employment. He was not carrying any merchandise. He had been seen running the elevator by Mr. Berry, the manager of Flowers, Inc., who testified that he had told Meloche that he should not run the elevator, that he was liable to get hurt. This testimony of Mr. Berry's was not contradicted. Plaintiff's decedent was disobeying instructions by using the elevator. Moreover, when an employee wilfully fails to follow instructions, and his failure renders his employment unsafe and as a consequence he is

injured, it constitutes wilful negligence and bars · recovery. *Downs* v. *Fowler,* 201 Mich. 659. The question may be raised whether the testimony of Mr. Berry was competent, because as an adverse witness he was testifying to matters equally within the knowledge of the deceased. He was, however, first called by the plaintiff and fully examined as to decedent's employment, the running of the elevator, etc. In response to plaintiff's questioning, Berry testified that he had seen Meloche running the elevator. Plaintiff did not question him any further along this line and had the defendant not been allowed to examine Berry on this subject, his testimony would have had all the force of a direct admission that Berry had impliedly consented to decedent's being on the elevator. See *Fox* v. *Barrett's Estate,* 117 Mich. 162, 164. Plaintiff having thus opened the doors, waived the right to object to cross-examination. *Gacesa* v. *Consumers Power Co.,* 220 Mich. 338 (24 A. L. R. 675) ; *Rock* v. *Gannon Grocery Co.,* 246 Mich. 545.

The judge was correct in directing a verdict for defendants and it is affirmed, with costs to the defendants.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.