KOENIG *v.* LAKE SHORE, INC.

1. DISCOVERY—RESTRICTION—PROTECTIVE ORDER.

It is unnecessary to have a court order in order to have discovery now, but should a party desire to restrict the matters to be discovered, such party must seek a protective order from the court (GCR 1963, 306.2).

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—WAIVER OF OBJECTION.

Defendant's examination of plaintiff on deposition, authorized by trial court at pretrial but without restriction by a protective order as permitted by court rule, at which plaintiff was questioned in detail as to where oral agreement he was suing on was made, who was present, what was said, and all the facts and circumstances *surrounding alleged representations of defendant's deceased president held,* not to have waived defendant's right to object at the trial to testimony as to matters equally within the knowledge of the deceased president (PA 1961, No 236, § 2160; GCR 1963, 302, 306.2, 308.3).

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Discovery and Inspection §§ 5, 70, 71, 86.

Appeal from Marquette; Brown (Ernest W.), J., presiding. Submitted April 4, 1965. (Calendar No. 7, Docket No. 50,765.) Decided July 13, 1965.

Declaration by Theodore J. Koenig against Lake Shore, Incorporated, a Michigan corporation, for injuries sustained when plaintiff was induced to move from his home by defendant's president. Ruling in advance of trial under GCR 1963, 308.3(4) that defendant has not waived his right to object at trial to testimony from plaintiff equally within the knowledge of the defendant's deceased president. Plaintiff appeals. Affirmed.

*Peter E. Bradt,* for plaintiff.

*Clancey & Hansen (Walter L. Hansen,* of counsel) and *Foley, Sammond & Lardner (Harrold J. Mc-Comas,* of counsel), for defendant.

T. M. KAVANAGH, C. J. Plaintiff-appellant, on leave granted, appeals from the denial of his motion for a ruling in advance of trial that the defendant-appellee had waived its right to object at the trial to testimony of plaintiff as to matters equally within the knowledge of the deceased president of defendant corporation.

Plaintiff sued on April 17, 1962, to recover on an oral agreement with the corporation, made through its president, to reimburse him for a house which he purchased in Kingsford, Michigan, and for which he obligated himself to pay the sum of $26,670. Plaintiff contends that defendant's president induced him to move his home from St. Clair, Michigan, by false and fraudulent representations as to reimbursement for the cost of a furnished house, to be selected by defendant and purchased by plaintiff, near defendant's Kingsford plant.

Plaintiff alleges in his first count that the representations were false and were known by defendant to be false and were made without any intent to perform. The second count is in assumpsit, and the third count is under the common counts.

Defendant answered denying the representations sued upon and by way of affirmative defense alleged that the pleaded oral contract, if any, would have been void under the statute of frauds,[1] relating to an estate or an interest in lands, and not to be performed within one year.

At pretrial, the judge authorized defendant to take the depositions of plaintiff and his witnesses. These depositions were taken without defendant having asked for or received an order such as was affirmed by this Court in *Banaszkiewicz v. Baun,* 359 Mich 109.

While taking plaintiff's deposition, defendant's counsel, in pursuance of his discovery, questioned plaintiff in detail about where the agreement was made, who was present, what was said, and all the facts and circumstances surrounding the alleged representations of defendant's deceased president.

Plaintiff claims defendant waived its right, by reason of this examination on the deposition, to object at trial to the plaintiff testifying to matters equally within the knowledge of defendant's deceased president.[2]

Defendant claims, on the other hand, that by interrogating plaintiff on deposition before trial regarding matters equally within the knowledge of defendant's deceased president, it did not thereby waive its right to object at the trial in the event plaintiff offered such evidence in violation of the

---

[1] CL 1948, § 566.106 (Stat Ann 1953 Rev § 26.906).—REPORTER.

[2] PA 1961, No 236, § 2160 (CLS 1961, § 600.2160 [Stat Ann 1962 Rev § 27A.2160]).—REPORTER.

revised judicature act (CLS 1961, § 600.2160 [Stat Ann 1962 Rev § 27A.2160]).

In *Banaszkiewicz, supra,* defendant proceeded to take plaintiff's testimony by deposition pursuant to an order of the trial court which expressly preserved defendant's right to object at trial to any effort by plaintiff to testify in violation of the then applicable counterpart of the cited statute. On appeal this Court by majority vote affirmed the trial court's discovery order on the ground that then applicable Court Rule No 35, § 6 (1945)[3] did not bar the discovery of admissible evidence from plaintiff who, at trial, might be incompetent to give such testimony because equally within the knowledge of defendant's decedent. This writer dissented and still is unpersuaded but impelled to accept the ruling of the majority.

Nothing in currently applicable GCR 1963, 302, alters the scope of discovery permissible by pretrial deposition as determined in *Banaszkiewicz* absent limitation thereof by a protective order issued by the trial court as provided in GCR 1963, 306.2.[4] Nor is there anything in our current rules which would so much as suggest that this Court intended, contrary to its holding in *Banaszkiewicz,* to permit such discovery only on condition that the party seeking it waived any right to object to such evidence if offered by the deposed party at trial. The contrary clearly is indicated by GCR 1963, 302.5 and 308.3.

Affirmed. Costs may be taxed.

DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

BLACK, J., did not sit.

[3] 334 Mich xi and 352 Mich xvii.—REPORTER.
[4] See 376 Mich xv.—REPORTER.