KIRBAN v. JOHNSTON.

1. WITNESSES—DEAD MAN'S STATUTE—SUICIDE—NEGLIGENCE.

Plaintiff's claim in negligence action for damages caused by automobile collision that the dead man's statute cannot be invoked by the representatives of one who commits suicide *held*, without merit, as the statute makes no distinction as to cause of death there being an absence of an expression of legislative intent to make a differentiation (CLS 1961, § 600-.2160).

2. DISCOVERY—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —DEPOSITIONS.

Orders by trial court in negligence actions, where there were no witnesses to the accident other than occupants of the 2 automobiles, driver of defendant's automobile has committed suicide, and the other occupants of defendant's automobile were children of tender years, permitting defendant to take discovery depositions of plaintiffs without defendant being required to waive her right to bar plaintiffs' testimony at the trial on matters equally within knowledge of deceased *held*, proper and required by basic fairness (CLS 1961, § 600.2160; GCR 1963, 302.2[1]).

3. SAME—COURT RULES—DEPOSITIONS—COMPETENCY OF EVIDENCE— WITNESSES.

Limitation in court rule providing for pretrial depositions and discovery, which permits examination of deponent "regarding any matter not privileged which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending matter," relates to the competency and relevance of the evidence and not to the identity, qualifications, or competence of a witness (GCR 1963, 302.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 214 *et seq.*
[2] 23 Am Jur 2d, Depositions and Discovery § 191.
[3] 23 Am Jur 2d, Depositions and Discovery § 122.
[4] 23 Am Jur 2d, Depositions and Discovery § 26 *et seq.*

4. Same—Court Rules—Depositions—Intention of Rule.

Limitation in court rule providing for pretrial deposition and discovery, which permits examination of deponent "regarding any matter not privileged which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending matter," was intended to prevent fishing expeditions into areas unrelated to the cause of action, not to impede a party in discovery from any person, whether competent as a witness or not, all facts and information, not privileged, which are relevant to that cause of action (GCR 1963, 302.2[1]).

Appeals from St. Clair; Streeter (Halford I.), J. Submitted Division 2 May 11, 1966, at Lansing. (Docket Nos. 105, 106.) Decided November 9, 1966.

Declarations by Eleanor J. Kirban and Harry N. Kirban against Majorie Johnston, individually and as special administratrix of estate of Harvey H. Johnston, deceased, for injuries sustained by plaintiffs in an automobile collision allegedly caused by Harvey H. Johnston. Plaintiffs appeal, on leave granted, from orders of trial court permitting discovery depositions of plaintiffs without waiving plaintiffs' disqualifications under the dead man's statute. Affirmed.

*Peter E. Bradt,* for plaintiffs.

*Schlee, McIntosh, Simpson, Oppliger & Mugan,* for defendants.

Burns, J. The plaintiffs appeal from an order of the circuit court permitting the defendant as administratrix of her husband's estate to take discovery depositions of the plaintiffs without waiving

plaintiffs' disqualifications under the dead man's statute.*

These actions were commenced as separate suits on July 23, 1962, against Harvy H. Johnston and Marjorie Johnston, his wife, as the result of injuries sustained by plaintiffs in an automobile collision which occurred on February 11, 1962. The Kirban vehicle was owned by plaintiff Eleanor Kirban. At the time of the accident it was operated by Harry N. Kirban and occupied by Eleanor Kirban, plaintiffs' 13-year-old daughter, Elaine Kirban, and Mary Beth Walsh, Mrs. Kirban's 12-year-old niece.

Defendant Marjorie Johnston owned the automobile which at the time of the accident was being driven by Harvey H. Johnston. Riding with Mr. Johnston were his 3 children who were 2, 3, and 5 years of age.

So far as is known there were no witnesses to the collision other than the occupants of the two automobiles. The Johnston children, because of their tender ages at the time of the collision, remember nothing about it.

On January 17, 1963, Harvey H. Johnston committed suicide. Mrs. Johnston was made a defendant in each of these cases in her capacity as special administratrix of her husband's estate, and by virtue of being the owner of the Johnston automobile.

The 2 cases were ordered tried separately and as the trial of Mrs. Kirban's case drew near, defense counsel arranged to take the depositions of Mrs. Johnston, Dr. and Mrs. Kirban, Elaine Kirban and Mary Beth Walsh. Mrs. Johnston's deposition was taken and the Kirbans were sworn, but their depositions were not taken nor were those of Elaine Kirban or Mary Beth Walsh, because plaintiffs' counsel

---

* CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160).

would not consent to defendant's inquiry into matters equally within the knowledge of the deceased Harvey H. Johnston without waiver of the dead man's statute.

Defense counsel indicated he did not wish to waive the dead man's statute, and then sought a court ruling on the matter. In each case defense counsel obtained a court order which stated:

"It is hereby ordered that the defendants be allowed to take the discovery deposition of the plaintiff as well as any other parties covering matters which may be equally within the knowledge of the deceased, Harvey H. Johnston, as set forth in CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160) and that the taking of such depositions shall not waive the rights of the defendants to object to testimony of the plaintiff or other parties from whom such depositions are taken which may be equally within the knowledge of the deceased at the time of the trial of this case."

From these orders the plaintiffs appeal.

Plaintiffs first claim that the dead man's statute cannot be invoked by the representative of one who commits suicide. A reading of the statute, however, makes no distinction as to the cause of death, and if the legislature had intended such a differentiation, we feel it would have so provided.

The second issue, whether the opposite party may be required to submit to discovery without defendant waiving the disqualification under the dead man's statute, has been disposed of in *Banaszkiewicz* v. *Baun* (1960), 359 Mich 109. Although there was no suicide involved in that case, Mr. Chief Justice Dethmers stated at pages 115 and 116:

"Court Rule No 35, § 6 (1945), in providing for pretrial depositions and discovery, permits examination of the deponent only '*regarding any matter,*

not privileged and admissible under the rules of evidence governing trials, which is relevant to the subject matter involved in the pending action.' It is suggested that this limitation of the examination to matters admissible under the rules of evidence governing trials, denies to the protected party the right to examine the opposite party on discovery as to matters equally within the knowledge of the deceased concerning which the latter is prohibited by statute from testifying at trial. It will be noted, however, that, at least so far as matters not privileged are concerned, the limitation pertains not to the identity, qualifications, or competence of a witness but to the competency of the evidence and its relevance to the subject matter of the litigation. This limitation was intended to prevent fishing expeditions into areas unrelated to the cause of action, not to impede a party in discovering from any person, whether competent as a witness or not, all facts and information, not privileged, which are relevant to that cause of action. Indeed, it is the gaining of such information, from whatever source, that the rule was designed to facilitate."

GCR 1963, 302.2(1) provides:

"Persons taking depositions unless for good cause otherwise shown as provided by sub-rules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party."

Nothing in the court rules adopted subsequent to the *Banaszkiewicz Case, supra,* changes the scope of the discovery process. See *Koenig* v. *Lake Shore, Inc.* (1965), 376 Mich 131.

In the present case there were apparently no witnesses to the accident other than the occupants of

the Kirban automobile.   Mr. Johnston is dead, and the Johnston children, because of their tender ages, remember nothing.   Basic fairness requires an order such as was issued by the circuit judge.

Judgment affirmed.   Costs may be taxed to the plaintiffs.

McGREGOR, P. J., and QUINN, J., concurred.