**Helen WITTBROT, Plaintiff,**

v.

**Morgan W. ANDERSON, Executor of the Estate of Ladimer G. Jebavy (aka L. G. Jebavy), Deceased, and Jebavy-Sorenson Orchard Company, a Michigan corporation, jointly and severally, Defendants.**

**Civ. A. No. 4925.**

United States District Court
W. D. Michigan, S. D.
Dec. 30, 1966.

---

Himelstein & Ward, Grand Rapids, Mich., Samuel H. Himelstein, Grand Rapids, Mich., of counsel, for plaintiff.

Warner, Norcross & Judd, Grand Rapids, Mich., Harold S. Sawyer, Grand Rapids, Mich., of counsel, for defendants.

## OPINION

FOX, District Judge.

In a breach of contract action against the Executor of the Estate of Ladimer G. Jebavy and others, the defendants have made a motion for a protective order under Rule 30(b) of the Federal Rules of Civil Procedure, permitting the defendants to take the discovery deposition of the plaintiff, Helen Wittbrot, without waiving plaintiff's disqualification under the so-called Dead Man's Statute, M.S.A. 27A.2160 [Comp.Laws 1948, § 600.2160, Pub.Acts 1961, No. 236] to testify at the trial concerning the same matter.

The Michigan Supreme Court has examined the effect of taking a deposition of an opposite party with respect to a possible waiver of that party's disqualification under the statute on two different occasions: Banaszkiewicz v. Baun, 359 Mich. 109, 101 N.W.2d 306 (1960); Koenig v. Lake Shore, Inc., 376 Mich. 131, 136 N.W.2d 9 (1965).

In Banaszkiewicz, supra, the court held that the defendant administrator could take the discovery deposition of the plaintiff without waiving plaintiff's disquali-

fication under the statute. Speaking for the Court, Chief Justice Dethmers said:

"It is apparent that there is no conflict between the purposes, as above considered, of the dead man's statute and the rule for discovery. Both are intended to aid in arrival at truth and justice in litigation. Invoking the one need not be treated as a waiver of the other. *Enabling both parties to become fully conversant with all the facts involved in a matter and to avoid 'traps and surprises' makes for enlightened administration of justice. Its achievement need not be paid for by sacrifice of the object or purpose of the dead man's statute.* There is no unfairness in permitting defendant[s] and their counsel to know what plaintiff's claims are and the foundation on which she bases them and, yet, at the same time, closing her mouth at trial as to matters equally within the knowledge of the deceased whose mouth has been closed by death." (Emphasis supplied.) 359 Mich. at 115, 101 N.W.2d at 308.

In Koenig, supra, the court extended the scope of its ruling in Banaszkiewicz, supra, by concluding that despite the absence of a protective order which was present in Banaszkiewicz, the defendant did not waive its rights under the statute by deposing the plaintiff before the trial.

Plaintiff asserts that these cases are distinguishable from the case at bar because prior to seeking a protective order the defendants waived their rights under the statute by permitting the plaintiff to depose Mrs. Elma Jebavy (the wife of the decedent), Mrs. Elma Anderson (daughter of the decedent), and Richard Brye (officer of the defendant corporation), on matters equally within the knowledge of the deceased, and secondly, by the questions asked of these witnesses

by the defendants' attorney during the depositions.[1]

We think the reasoning in the Banaszkiewicz and Koenig cases, supra, and the purposes behind the statute compel a contrary conclusion.

In Farmers' & Merchants' Nat. Bank & Trust Co. v. Globe Indemnity Co., 264 Mich. 395, 400, 401, 249 N.W. 882, 884 (1933), the purposes of the statute were set forth as follows:

"The statute relied upon as originally enacted was designed to afford protection to estates against the knavery and perjury of dishonest claimants, Kimball v. Kimball, 16 Mich. 211; fraud and injustice, Penny v. Croul, 87 Mich. 15, 49 N.W. 311, 13 L.R.A. 83; protect the estate of deceased persons against claims which depended in whole or in part upon testimony of a party which could not be refuted by the testimony of deceased, McHugh v. Dowd's Estate, 86 Mich. 412, 49 N.W. 216; prevent a living party from obtaining an unequal advantage from his own testimony as to matters known only to himself and the deceased, and of which the deceased party could no longer speak, Wright v. Wilson, 17 Mich. 192; Chambers v. Hill, 34 Mich. 523; prevent fraud and false swearing whereby estates became unjustly depleted in cases where no one on the part of the estate except the deceased had knowledge of the facts necessary to refute the unjust claim attempted to be enforced against it."

Since the statute is basically designed to prevent fraud and to place the parties on an equal footing so that one party may not take advantage of the death of the decedent to use it as a sword against the other party, this court finds it difficult to envision how the testimony of the defendants' witnesses jeopardized any of these goals.[2]

1. The questions asked by the attorneys for both the plaintiff and the defendants related generally to the employment relationship between the deceased and the plaintiff.

2. Clearly, discovery before trial, such as occurred here, is not by itself fatal to the defendants' right or privilege, as it would probably be in a physician-patient situation where the essence of the physician-patient privilege is to maintain confidentiality.

■ Moreover, the following observation of what constitutes a waiver under the statute makes it apparent that in general a waiver can only occur during a trial when the opposite party must in justice be given an opportunity to refute adverse testimony solicited from the other party at the trial:

"The statute is a shield and not a sword. Death having sealed the lips of one, the statute closes the lips of the other, except in contradiction of testimony given by witnesses having a pecuniary interest in the recovery. The statute recognizes a condition occasioned by death and establishes equality between the living in interest, but does not permit the living, in behalf of their pecuniary interest, to advance a sword from behind the shield and forbid its parry. It has long been held that the statute may be waived. *It is manifestly unfair to permit those having a pecuniary interest in the suit to testify to matters equally within the knowledge of the deceased and to deny the opposite party the right to contradict or be heard with reference to such testimony.*" (Emphasis supplied.) Rock v. Gannon Grocery Co., 246 Mich. 545, 551, 224 N.W. 752, 754 (1929).

■ Plaintiff was not prejudiced when the defendants' witnesses voluntarily answered the questions put to them by the attorneys for the plaintiff and the defendants. Indeed, the plaintiff should be in a better position to try the case as a result of these disclosures. Furthermore, since this is a jury trial, unless the defendants waive their rights during the trial, the information disclosed at the depositions and protected by the statute will not be permitted to be introduced as evidence.

■ The Federal Rules of Discovery are in accord with the Michigan Supreme Court's interpretation of the Dead Man's Statute in relation to discovery proceedings. Discovery is available for the purpose of not only obtaining admissible evidence but also for obtaining that which might lead to admissible evidence.

Accordingly, for the above reasons, defendants' motion for a protective order is hereby granted.

It is so ordered.