MAY v. KESHISHIAN.

1. WITNESSES—DEAD MAN'S STATUTE—MATTERS EQUALLY WITHIN
THE KNOWLEDGE OF THE DECEASED.

The statutory purpose of the dead man act (now repealed) was
to avoid the perpetration of fraud (CLS 1961, § 600.2160).

2. SAME—DEAD MAN'S STATUTE—MATTERS EQUALLY WITHIN THE
KNOWLEDGE OF THE DECEASED.

The exclusionary rule articulated in the dead man's statute is for
the benefit of the decedent's estate and its application may be
waived by the estate (CLS 1961, § 600.2160).

3. SAME—DEAD MAN'S STATUTE—MATTERS EQUALLY WITHIN THE
KNOWLEDGE OF THE DECEASED—WAIVER.

An adverse party may at least explain fully matters otherwise
excludable under the dead man's statute when the party whom
the dead man's statute shields opens the door by his own ex-
amination as to those matters (CLS 1961, § 600.2160).

Appeal from Wayne, Farmer (Charles S.), J.
Submitted Division 1 June 6, 1968, at Detroit.
(Docket No. 3,859.) Decided July 25, 1968. Leave to
appeal denied November 19, 1968. See 381 Mich 786.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 215.
[2, 3] 58 Am Jur, Witnesses § 355 et seq.
Examination of witness as waiver of his incompetency as to
transactions or conversations of decedent, 64 ALR 1148, s 107
ALR 482, 159 ALR 411.
Examination and the like of one witness incompetent under dead
man statute as waiver of incompetency of other witnesses, 33
ALR2d 1440.

Complaint by Edward P. May, administrator of the estate of Jacob F. Schulman, deceased, against Mary Keshishian to recover certain properties for the benefit of the estate and for the benefit of its creditors. Judgment for defendant. Plaintiff appeals. Affirmed.

*Eliot Charlip,* for plaintiff.

*Axford, Cashen & Baird* and *George Brett Shaeffer,* for defendant.

J. H. GILLIS, J. Plaintiff-administrator brought this action to recover certain properties for the benefit of the estate and for benefit of its creditors. It was alleged that the decedent transferred and conveyed his vendee's interest in 2 parcels of real estate to defendant in furtherance of a conspiracy to put these properties out of the reach of decedent's creditors.

Decedent was an attorney. Defendant's claim at trial was that decedent was at all times acting as her agent and attorney—in purchasing as well as managing the properties.

The opinion of the able trial judge states the issue as whether the conduct of the parties in purchasing and transferring the interest in this property shows or implies a conspiracy or fraudulent transaction.

Very succinctly stated, the opinion of the trial judge concludes:

"The court is unable to discover any testimony or proof in the record to justify the relief sought by plaintiff, or proof that will substantiate his position that there was a conspiracy in the purchase and assignment of the interest in the subject properties."

A review of the record and briefs does not convince us that this finding by the trial judge is in

error. Indeed, the only issue raised on appeal warranting further elucidation by this Court is whether defendant was incompetent to testify as to matters equally within the knowledge of the deceased by virtue of the so-called dead man's statute, CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160).[1] It is plaintiff's contention that certain of defendant's testimony elicited on direct examination should have been excluded as equally within the knowledge of the deceased. Defendant asserts that her cross-examination by plaintiff under the opposite party statute[2] relative to the dealings between her and the deceased opened the door to further clarification of that relationship even though within the knowledge of the decedent.

Our present statute is no doubt near to the end of its reign over the lips of survivors to transactions. We do not deem it remiss however, by way of parting tribute, to point out that the statutory purpose of the dead man act (as presently repealed) has often been greatly maligned. See the previous expression by this Court in *Grondziak v. Grondziak* (1968), 12 Mich App 61, in which, under the pen of our learned colleague THOMAS GILES KAVANAGH, we stated:

"To apply the dead man's statute in this circumstance is to enshrine a rule of evidence on the tomb of reason. After all, the purpose of the statute is to avoid the perpetration of fraud."

As in *Grondziak*, application of the rule in this case to exclude defendant's direct examination testimony on similar and identical matters, referred to by plaintiff in cross-examination, would serve to perpetrate rather than prevent fraud. It is well

---

[1] Presently, see PA 1967, No 263 (assigned as CL 1948, § 600.2166) [Stat Ann 1968 Cum Supp § 27A.2166]).
[2] CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161).

recognized that the exclusionary rule is for the benefit of the decedent's estate and that it may be waived by the estate, *Meloche* v. *Flowers, Incorporated* (1936), 274 Mich 385. Once the party whom the rule shields opens the door by his own examination as to matters otherwise excludable, the adverse party may at least explain those matters fully, *In re Van Loo Estate* (1963), 369 Mich 102; *Hudson* v. *Hudson* (1961), 363 Mich 23.

Such is the situation in the present case. Plaintiff tried to eat his cake and have it too; or, in the vernacular of the dead man statute, to use the rule as a sword rather than as a shield.

Affirmed. Costs to appellee.

Quinn, P. J., and Fitzgerald, J., concurred.